[L. A. No. 14023. In Bank.—June 26, 1934.]

GUY S. RILEY et al., Appellants, v. HOOPER C. DUNBAR et al., Defendants; G. B. MORRIS, Respondent.

144

Geo. L. Hampton for Appellants.

Neil S. McCarthy, Earl L. Banta and Howard P. Hall for Respondent.

THE COURT.—This is an action to declare void certain certificates of interest in a trust, and to recover dividends paid thereon. A general demurrer was sustained to the complaint, and plaintiffs, electing to stand upon it, permitted judgment to go against them and brought this appeal. The question is whether the complaint states a cause of action, and involved in this is the question whether the right of action is barred by the statute of limitations, this defense having also been raised by demurrer.

The complaint alleges that Bellview Oil Syndicate is an unincorporated association, formed by a declaration of trust dated January 20, 1922; that its trustees at all times mentioned in the complaint were defendant Dunbar, C. C. Horton and defendant Morris; that a permit was issued by the corporation commissioner on January 30, 1922, to sell certificates of beneficial interests under the declaration of trust; that the permit authorized sale of certificates at $100 each, for cash, and not more than $5,000 aggregate par value to any person or company; that in April, 1922, defendant Morris offered to purchase 150 units for $12,000, at a discount of 20 per cent, together with a bonus of 37 units, and upon condition that he be made a trustee and be allotted other units; that this offer was accepted, and 150 units were issued, but only 50 were taken in the name of defendant Morris, and the other 100 were taken in the names of two persons as dummies; that this was knowingly done by defendant Morris for the purpose of evading the

provisions of the permit; that the interests thus issued were void, and that Morris and his dummies did not become unit holders of the trust; that Morris and his assignees received as dividends on these units the sum of $55,000. It is further alleged that plaintiffs are holders of certificates of interest in the trust; that they have been unable to secure redress of these wrongs from the trustees; that a demand upon the trustees to sue on behalf of the trust would be useless because of their participation in the wrongful acts; and that plaintiffs sue on behalf of the trust and all unit holders thereof who may come into the action.

Whether these allegations state a cause of action need not be determined, for the complaint shows on its face that the statute of limitations has run. The complaint is dated June 6, 1932, ten years after the acts complained of. If the complaint is based upon fraud, no pleading to excuse late discovery of the facts is made. If it is based upon breach or repudiation of trust, this took place at the time the fraudulent acts were first committed. Plaintiff's brief offers us no tenable theory upon which the bar of the statute may be avoided.

The judgment is affirmed.